2026 IL App (3d) 250149

Opinion filed July 8, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0149 Circuit No. 21-CF-645 |
| | ) | |
| JOSHUA BOYD, | ) ) | Honorable William S. Dickenson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Justices Peterson and Davenport concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    Defendant, Joshua Boyd, appeals from an order of the Kankakee County circuit court sentencing him to seven years' imprisonment for unlawful possession of a weapon by a felon (UPWF), following the revocation of his probation. Specifically, defendant argues his sentence should be vacated because the court (1) considered an improper sentencing range and (2) imposed a sentence based on his probation violation rather than the underlying offense. We vacate defendant's sentence and remand for resentencing.

¶ 2                                I. BACKGROUND

¶ 3    In September 2021, the State charged defendant with UPWF (720 ILCS 5/24-1.1(a) (West 2020)). In March 2022, defendant pled guilty in exchange for an agreed sentence of 36 months' drug court probation. During the plea hearing, based upon the State's representation, the court admonished defendant that the offense was a Class 2 felony for which he was "punishable by three to seven years in the penitentiary." A presentence investigation report was waived given the agreement. In accepting the plea, the court found defendant "[understood] the charges and the possible range of penalties."

¶ 4    In December 2024, the State filed an amended petition to revoke defendant's probation. The petition alleged that defendant had a new conviction for aggravated unlawful use of a weapon (AUUW) in Cook County and had failed to complete drug court as a condition of his probation. After negotiations broke down, defendant made a blind admission to the petition in open court. The proceedings that followed were before a different judge than the judge who took the original plea, a different assistant state's attorney, and a different public defender. Prior to accepting defendant's admission, the State advised the court, and the court admonished defendant that the sentencing range he faced for his underlying UPWF conviction was "minimum sentence of three, maximum sentence of fourteen years." When asked if he understood, defendant responded, "Yeah, but" "[m]y case only carried three to seven. How'd he get three to 14?" Defendant further stated, "They offered me the maximum of seven." The court explained that defense counsel could raise any issues with the sentencing range at a subsequent sentencing hearing and stated, "I'm just letting you know that's the sentencing range under the statute. Okay?"

¶ 5    The court revoked defendant's probation, ordered a presentence investigation report, and then stated, "There was an admission down in drug court. Might not be a bad idea for the parties to check the date of the plea and find out what the sentencing range presented to [defendant] was.

2

\*\*\* Because—well, it may or may not be relevant, but it would probably be a good idea for someone to do that." The court further observed that "the State that was someone who was kind of new to criminal stuff who was down there. And, you know, \*\*\* I wasn't there so I don't know. Judge Kramer took the plea and \*\*\* so it would probably be a good idea to have someone look at it before we went any—well, before we get too deep into the weeds in a sentencing hearing."

¶ 6      The next court date was defendant's resentencing hearing, which took place over two months later. The hearing commenced with a review of the presentence investigation report which, as the State noted, indicated that defendant was subject to a 3- to 14-year sentence range. Neither defense counsel nor the State addressed the sentencing range admonishment from the original plea raised by defendant at the time he admitted the petition to revoke. Nor did the court follow up on its inquiry from that same date.

¶ 7      At the conclusion of the evidentiary portion of the sentencing hearing, the State summarized defendant's criminal history, emphasizing defendant's three gun offenses. It then reminded the court that defendant faced up to a 14-year sentence and recommended a term of 10 years' imprisonment.

¶ 8      Defense counsel reiterated some of the mitigation evidence presented earlier and asked the court "to not hurt [defendant] too badly on this sentence." Specifically, counsel noted that defendant struggled with substance abuse issues, had grown up without a father, and was sexually abused as a child. Defendant had a supportive family and pending employment. Ultimately, defendant asked for the minimum 3-year sentence and did not address the applicability of the 10-year sentence recommended by the State.

¶ 9      In imposing defendant's seven-year sentence, the court indicated that it had considered the arguments of counsel, the factors in aggravation and mitigation, the history and character of

3

defendant, the seriousness of the offense, and defendant's potential for rehabilitation. The court observed:

"As an adult: cannabis; cannabis; possession of a controlled substance; resisting; [UPWF]; cruelty to animals; [UPWF]; and, of course, the [UPWF] case that is currently in front of me right now.

And that offense apparently was—he was given Drug Court probation, which was an opportunity to essentially get a reset and really start things over in a significant fashion, and he did not take advantage of that opportunity and here we are today.

The offense that got us here, of course, was committed while he was on probation.

This is a mandatory prison offense, so I don't have discretion to go below that. And I don't think that the facts of this case would dictate that I should go below that.

You have a lot going for you here, [defendant], in terms of family support and support in the community.

And that's a good thing because you're going to get out at some point, and when you do get out, you're going to need—you're going to need that support, both to deal with your addiction issues and to deal with just successfully reintegrating yourself in society.

***

I don't feel that based upon this record and what we have in here that a minimum sentence is in any way appropriate and I'm going to decline to—to impose that.

I also don't think that what the State's asking for—I understand why each side asked for what they asked for, but ultimately it's up to the Court to determine what I believe an appropriate sentence is.

And I feel in this case that it is a sentence of seven years, and that is the sentence I'm going to impose."

¶ 10　　Defendant subsequently filed a motion to reduce sentence, reiterating the mitigation factors he raised at his resentencing hearing. The court denied the motion.

¶ 11　　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　On appeal, defendant claims his sentence should be vacated due to the court's (1) consideration of an improper sentencing range and (2) imposition of a sentence based on conduct other than the charged offense.

¶ 13　　Specifically, defendant argues that the court impermissibly considered the wrong sentencing range in resentencing him. At his original plea hearing for the underlying UPWF charge, defendant was admonished that the potential penalty for the offense was three to seven years' imprisonment. Based upon this admonishment, seven years was the maximum penalty that the court could impose following the revocation of defendant's probation even if an extended term was otherwise applicable. See *People v. Johns*, 229 Ill. App. 3d 740, 743 (1992) ("upon revocation of a defendant's probation, the trial court is limited in sentencing by the maximum penalty upon which the defendant had originally been admonished"). Defendant seeks the vacation of his

sentence and a new sentencing hearing because the court erroneously believed he was subject to a maximum sentence of 14 years.

¶ 14   Initially, the State contends defendant has waived these issues by failing to raise them in a postsentencing motion pursuant to Illinois Supreme Rule 604(d) (eff. Apr. 15, 2024). However, the filing of a motion in compliance with the requirements of Rule 604(d) following a probation revocation hearing is unnecessary before taking an appeal. See *People v. Lappin*, 335 Ill. App. 3d 418, 420 (2002). While not waived, however, defendant acknowledges his claims are forfeited because he failed to include them in his motion to reduce sentence. Defendant instead asks that we consider his claims under the plain error doctrine. See *People v. Cohn*, 2014 IL App (3d) 120910, ¶ 28 (defendant's inclusion of plain error arguments in his reply brief is sufficient for review of his claims).

¶ 15   The plain error doctrine allows for the review of an unpreserved sentencing error if a defendant shows that a clear or obvious error occurred and (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so serious that it affected the fairness of the sentencing hearing. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). The first step in plain error analysis is to determine if an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 16   Defendant contends that the court erred when it considered an improper sentence at his resentencing hearing. "A fair sentencing hearing necessarily requires a trial judge who knows the minimum and maximum sentences for the offense." (Internal quotation marks omitted.) *People v. Crawford*, 2023 IL App (4th) 210503, ¶ 46. A court's misunderstanding of the applicable sentencing range constitutes error when the mistake arguably influenced its sentencing decision. *Id.* ¶ 51. The court's comments during the sentencing hearing are the primary indicator as to

whether its decision was arguably influenced by a misunderstanding of the applicable sentencing range. *Id.*

¶ 17    Unfortunately, the parties did not follow up on the court's request that they ascertain the admonishments provided to defendant at the time of his original plea. Even though the court's resentence ultimately fell within the outer limit of the originally-admonished range, the court's comments at resentencing indicate that in fashioning its sentence it was arguably influenced by the State's misrepresentation that defendant was eligible for an extended-term sentence. The court declined to impose defendant's request for the minimum sentence, deeming it inappropriate based upon defendant's criminal history. The court also indicated it understood why the State was requesting the inapplicable 10-year extended-term sentence. In electing to impose the maximum non-extended term sentence of 7 years, the court clearly considered the extended penalty range where it suggested the State's recommendation of a 10-year sentence was understandable. To the extent the record demonstrates that the court may not have intended to sentence defendant to either the minimum or maximum sentence based on its misapprehension that defendant faced up to 14 years, the court was arguably influenced by the State's misrepresentation as to the applicable sentencing range. Therefore, we conclude a clear or obvious error occurred. Under these circumstances, the court's misunderstanding of the applicable sentencing range constitutes second-prong plain error because it affected the fairness of defendant's sentencing hearing. See *id.* ¶ 46.

¶ 18    In coming to this conclusion, we reject the State's assertion that the court's error is "not plain under settled law." In support of its position, the State relies on a case challenging an original sentence following a guilty plea, where, notwithstanding the lack of an extended-term admonishment, the imposition of an extended-term sentence was not prejudicial error because the defendant had the ability to withdraw his guilty plea. See, *e.g.*, *People v. Rydberg*, 2023 IL App

7

(4th) 210016-U, ¶ 31; see also 730 ILCS 5/5-8-2(b) (West 2018)) ("If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice."). This case law is unavailing given that there is no procedural basis to withdraw an original guilty plea after admitting a petition to revoke. Likewise, we find inapposite cases affirming an original extended-term sentence absent a plea admonishment regarding same, but where the plea admonishment otherwise included a sentencing range exceeding the extended term. See, *e.g.*, *People v. Cavins*, 288 Ill. App. 3d 173, 177 (1997).

¶ 19        Accordingly, we vacate defendant's sentence and remand for a new sentencing hearing. See *People v. Hausman*, 287 Ill. App. 3d 1069, 1072 (1997) (vacating sentence and remanding for new sentencing hearing where the trial court misstated the minimum and maximum sentence). In doing so, it is not necessary to reach defendant's argument that the court imposed a sentence based on his probation violation rather than the underlying offense. However, to the extent the issue may recur, we note that the court's passing reference to defendant's probation violation as the catalyst for his resentencing, made in the context of considering defendant's entire criminal history, does not support that the court improperly imposed resentence based upon his commission of a new offense. See *People v. Pina*, 2019 IL App (4th) 170614, ¶¶ 30-31 (court may consider conduct on probation as it relates to rehabilitative potential).

¶ 20                                    III. CONCLUSION

¶ 21        For the foregoing reasons, defendant's sentence is vacated and the cause is remanded for a new sentencing hearing.

¶ 22        Vacated and remanded.

8

*People v. Boyd*, 2026 IL App (3d) 250149

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 21-CF-645; the Hon. William S. Dickenson, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Natalie McCray, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James Rowe, State's Attorney, of Kankakee (Patrick Delfino and Thomas D. Arado, of counsel, and Shmuel Wyckoff, law student, of State's Attorneys Appellate Prosecutor's Office), for the People. |